# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHY PERKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-06689** |
| **PEL HUGHES PRINTING, LLC, ET AL.** | **SECTION: "A" (4)** |

## ORDER

Before the Court is the **Defendants' Motion to Fix Attorney's Fees (R. Doc. 17).** The motion is opposed. R. Doc. 19. The motion was heard on the briefs.

## I.  Factual Summary

Ms. Perkins filed suit again Pel Hughes Printing, LLC and Mr. Hughes on May 2, 2017, alleging harassment and intentional inflection of emotional distress. The Defendants propounded interrogatories and requests for production of documents on Ms. Perkins on October 11, 2017, but she failed to timely respond. This ultimately resulted in an order by the Court compelling her to produce documents, namely tape recordings. R. Doc. 15. As a result of the issuance of the order, the undersigned also granted an award of reasonable attorney's fees and ordered the Defendants to file the subject motion.  The Defendants complied with the order and seek an award of $1,080.00 in attorney's fees.

The Plaintiff opposes the motion to fix attorney's fees and is actually requesting reconsideration of the Court's decision to award attorney's fees because: (1) the tapes were not timely produced due to Plaintiff's health challenges; (2) Plaintiff's counsel was not able to timely extract them due to technical issues; and (3) Plaintiff's counsel's was inundated with over thirty-thousand emails within a 10-day period. R. Doc. 19. The Plaintiff requests that the court deny the Defendant's instant motion.

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III. Analysis

### A. Reconsideration of the Award of Attorney's Fees

Plaintiff and her counsel suggest that the Defendants' counsel did not meet and confer before

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

filing the original motion to compel, which resulted in a decision by the undersigned granting the requested relief. While Plaintiff and her counsel suggest that either health or technological malaise were reasons for the failure to respond in a timely fashion to the requests, which were propounded in October of 2017, the response fails to provide clarity and is not persuasive in many respects.

For example, the opposition clearly indicates that the Defendants inquired about the pending responses. Second, the Plaintiff fails to state why at the very least a partial production could not have been made as the recordings were received, reviewed, and converted. Finally, the opposition fails to indicate how the influx of emails showed up in Plaintiff counsel's email inbox, or why counsel did not realize after advising Defendants that he was working on producing the records by January 16, 2018, a motion to compel would follow a failure to produce. The Court is not persuaded by any of the arguments presented and its prior order remains the same. There is also no indication when the discovery responses were ultimately provided.

### B. <u>Reasonableness of the Hourly Rates</u>

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge

under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Defendants have attached the affidavits of their attorneys, Stephen Miles and Anna Matejcek, of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C ("Barrasso Usdin"). R. Docs. 17-3 and 17-4. Miles is a partner at Barrasso Usdin, and a *summa cum laude* graduate of Tulane University Law School. R. Doc. 17-3. Upon graduating from Tulane, he was inducted into the Order of the Coif. *Id*. Miles attests that his rate is $300.00 per hour and that he spent 0.6 hours in preparing, reviewing, revising, and filing the motion to compel. *Id*.

Matejcek is an associate with Barasson Usdin, and also represents the Defendants. She states that she is a 2016 graduate of New York University School of Law. She attests that she was on the N.Y.U. Review of Law & Social Change and received a fellowship from the Ford Foundation. R. Doc. 17-4. Matejcek states that her billable rate is $225.00 per hour and that she personally spent four hours preparing the motion, which included researching and drafting the motion and the accompanying memorandum in support. *Id.*

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is

*prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The Plaintiff does not contest the reasonableness of the rates. As a result, the rates are deemed *prima facie* reasonable.

### C. Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of billing judgment. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not billed properly to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court has reviewed the contemporaneous billing sheets and notes that Miles's time of 0.6 hours at a rate of $300.00 per hour is reasonable and so are the 4.0 hours charged by Matejcek at the rate of $225.00 per hour. The Court finds that a reasonable award is $1,080.00 to be borne by the Plaintiff and her counsel.

### D. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar

upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that **Defendants' Motion to Fix Attorney's Fees (R. Doc. 17)** is **GRANTED** and that the Defendants are awarded reasonable attorney's fees in the amount of **$1,080.00**.

**IT IS FURTHER ORDERED** that Plaintiff and her counsel shall satisfy their obligation to the Defendants **no later than twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 6th day of August 2018.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**