UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY PERKINS | CIVIL ACTION |
| VERSUS | NO. 17-6689 |
| PEL HUGHES PRINTING, LLC ET AL. | SECTION A(4) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 25)** filed by Defendants Pel Hughes Printing, LLC and John Victor Hughes (hereinafter collectively referred to as "Defendants"). Plaintiff Kathy Perkins opposes the Motion (Rec. Doc. 61). The Motion, set for submission on November 14, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the opposition, the reply, the record, and the applicable law, the Court finds that the **Motion for Summary Judgment (Rec. Doc. 25)** is **DENIED** in part and **GRANTED** in part for the reasons set forth below.

I.   Background

Kathy Perkins worked for Pel Hughes Printing, LLC ("PHP") as a Human Resource Administrator. (Rec. Doc. 1, Exhibit A ¶ 5). On December 30, 2015, Perkins was admitted into Ochsner Hospital's Outpatient Behavioral Mental Unit Program due to alleged verbal abuse by John Victor Hughes, president of PHP. (*Id*, ¶¶ 9-12). After being diagnosed with stress, depression, and anxiety, Perkins remained in the hospital for two weeks. (*Id.*, ¶ 12). While this leave was covered by the Family Medical Leave Act ("FMLA"), Hughes allegedly called Perkins' disabled daughter, Aubrey Pitre, and told her that, "Unless [Perkins] comes back to work soon, I'll have to let her go." (*Id.* ¶¶ 13-14). Perkins asserts that she returned to work against her physician's advice on January 18, 2016, out of fear of termination. (*Id.*, ¶ 16).

Defendants assert that on January 18, 2016, Hughes' wife had a conversation with Perkins which resulted in an "agreement" that PHP would terminate Perkins' employment after ninety days.

(Rec. Doc. 25-5, p. 2). On April 4, 2016, Perkins took a scheduled day off to receive an epidural. (Rec. Doc. 1, Exhibit A ¶ 21). The next day, Perkins experienced a mental breakdown and was admitted to Ochsner Hospital for suicidal ideations. (*Id*.). Perkins remained hospitalized until April 13, 2016. PHP terminated Perkins' employment on May 2, 2016. (*Id*., ¶¶ 21, 26). Perkins filed the instant suit alleging that Defendants violated the FMLA regarding the leave she took in January 2016 and that Defendants intentionally inflicted emotional distress. (*Id*. ¶¶ 14, 32). Defendants now move this Court to enter summary judgment on all of Perkins' claims as she has not presented evidence sufficient to establish a genuine issue of material fact. (Rec. Doc. 25).

## II.     Legal Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id*. (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986)). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id*. (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

## III.    Law and Analysis

Defendants assert that Perkins must present evidence in support of her claims of intentional infliction of emotional distress and interference and retaliation with respect to her rights under the FMLA that raises a genuine issue of material fact. (Rec. Doc. 25-5, p. 4). Defendants argue that Perkins has not presented, and cannot present, evidence in support of: (1) her claim for interference with her right to take qualifying medical leave under the FMLA; (2) her claim for retaliation by Hughes in connection with her FMLA approved leave; and (3) her claim for intentional infliction of emotional distress as required by Louisiana law.

    a. **Family Medical Leave Act**

The FMLA entitles an eligible employee to a total of twelve workweeks of leave during any twelve-month period for enumerated reasons including due to "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). The FMLA establishes that it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). Perkins alleges that while she was on FMLA leave in January 2016, Hughes began calling Aubrey Pitre, Perkins' daughter, and leaving threatening messages. (Rec. Doc. 61, Exhibit A p. 4). Perkins's FMLA claim is founded on these phone calls to allege that she returned to work against her physician's advice out of fear that Hughes would terminate her. (Rec. Doc. 1, Exhibit A ¶ 16).

    1) **Interference of FMLA Approved Leave**

In order for a plaintiff to establish a prima facie interference case, she must show that: (1) plaintiff was an eligible employee, (2) defendant was an employer subject to the FMLA's requirements, (3) plaintiff was entitled to leave, (4) plaintiff gave proper notice of her intention to take FMLA leave, and (5) defendant denied her the benefits to which she was entitled under the

FMLA. *Lanier v. University of Texas Southwestern Medical Center,* 527 Fed. Appx. 312, 316 (5th Cir. 2013).

Defendants assert in their reply that the statements from Plaintiff's affidavit are inadmissible hearsay in violation of Rule 56(c)(4) of the Federal Rules of Civil Procedure. (Rec. Doc. 62, p. 7). Perkins would need to produce recordings from the phone conversations between Pitre and Hughes and a statement from her physician. (*Id.*). Defendants argue that Perkins fails to produce any valid evidence in support of a claim of interference with her FMLA rights. (*Id.*). Defendants reference the notice for the FMLA leave to state that Perkins received the requested FMLA leave without interference. (*Id.,* p. 8). Defendants also assert that Perkins has failed to allege any facts that she was prejudiced by an interference with her FMLA rights. (*Id.*).

According to Rule 56(c)(4) of the Federal Rules of Civil Procedure, "an affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In support of her opposition to Defendants' Motion for Summary Judgment, Perkins attached her sworn declaration as "Exhibit A." Perkins bases her claim of an interrereference of FMLA approved leave on phone calls and messages her daughter received from Hughes. (Rec. Doc. 61, Exhibit A p. 4). The statements are not based upon facts that would be admissible in evidence. As a general rule, the Federal Rules of Evidence provide that hearsay is inadmissible. F.R.E. 802. Hearsay is defined to include third party statements offered to prove the matter asserted. F.R.E. 801. Perkins' statement, "Mr. Hughes told my daughter that, 'unless [your mother] comes back to work soon, I'll have to let her go,'" constitutes inadmissible hearsay. (Rec. Doc. 61, Exhibit A p. 4). The Federal Rules of Evidence allow for various exceptions to the general rule against hearsay; however, the Court finds that even though Pitre has since passed away, an

exception is not provided for in the facts. The Court holds that Perkins' claim for interference of an FMLA approved leave is dismissed on summary judgment.

### 2) Retaliation for FMLA Approved Leave

In order for a plaintiff to establish a prima facie retaliation case, she must show that: (1) she was protected under the FMLA; (2) she suffered an adverse employment action; and (3) she either was treated less favorably than a similarly situated employee who had not requested leave or the adverse decision was made because she took FMLA leave. *Lanier* 527 Fed. Appx. at 317.

Defendants argue that Perkins fails to establish a claim under the FMLA for retaliation. (Rec. Doc. 62, p. 9). Defendants cite Hughes' testimony and a letter of recommendation written by Tom Mouras, a PHP human resources employee, to assert that Perkins' termination was not out of retaliation. (*Id.*). Hughes testifies that he chose not to fire Perkins but rather terminate the position. (*Id.*, Exhibit A p. 9). In furtherance of these assertions, Defendants note that Perkins received a ninety-day notice of termination to give her ample time to find a new job. (*Id.*, p. 9).

In application of the *Lanier* elements, the Court grants Defendants' Motion for Summary Judgment regarding Perkins' claim for retaliation under the FMLA. It is uncontested that the December 2015-2016 leave was FMLA approved. The leave is evidenced as FMLA approved by the notice signed by Tom Mouras, on December 30th, 2015. (Rec. Doc. 61, Exhibit 1). It is also uncontested that the day after her return from FMLA leave, Hughes informed her that her position was terminated, an adverse employment action. Thus, the issue before the Court is whether Perkins was either treated less favorably than a similarly situated employee who had not requested leave, or the adverse decision was made because she took FMLA leave.

Although never having been deposed, Perkins attests that while she was on FMLA leave her daughter received termination threats from Hughes, and upon her return to work, Hughes terminated her with a ninety-day notice. (Rec. Doc. 61, Exhibit A p. 4). She does not specifically allege anything

regarding a similarly situated employee, and she does not specifically allege or present evidence that she believes the termination was due to her FMLA leave. The Court grants Defendants' Motion for Summary Judgment and dismisses Perkins' claim for interference of an FMLA approved leave.

    **b. Intentional Infliction of Emotional Distress**

Plaintiff's opposition to Defendants' Motion for Summary Judgment is based primarily on her self-serving affidavit. Defendants have made repeated requests to depose Plaintiff, but she has not made herself available. Although the Court sympathizes with the Plaintiff's mental health condition, Plaintiff has brought this lawsuit, and Defendants have the right to depose her. The Court has been lenient in working with all the parties in resetting the submission date for this motion. Perkins shall submit to a deposition within the next forty-five days, otherwise, the Court will dismiss the claim without prejudice based on non-suit, upon proper motion by Defendants.

**IV.   Conclusion**

Accordingly;

IT IS ORDERED that Defendants' **Motion for Summary Judgment (Rec. Doc. 25)** is **GRANTED** in part as to Plaintiff's claims under the Family Medical Leave Act and **DENIED** in part as to Plaintiff's claim under intentional infliction of emotional distress;

IT IS FURTHER ORDERED that Plaintiff be deposed within the next forty-five (45) days.

New Orleans, Louisiana, this 4th day of December, 2018

                                            JUDGE JAY C. ZAINEY
                                           UNITED STATES DISTRICT JUDGE