UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY PERKINS | CIVIL ACTION |
| VERSUS | NO. 17-6689 |
| PEL HUGHES PRINTING, LLC ET AL. | SECTION A(4) |

## ORDER AND REASONS

Before the Court is a **Motion for Reconsideration (Rec. Doc. 72)** filed by Plaintiff Kathy Perkins. Defendants Pel Hughes Printing, LLC and John Victor Hughes (herein after collectively referred to as "Defendants") oppose the motion (Rec. Doc. 78). The Motion, set for submission on February 6, 2019, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the opposition, the record, and the applicable law, the Court finds that the **Motion for Reconsideration (Rec. Doc. 72) is DENIED**.

**I.      Background**

Kathy Perkins worked for Pel Hughes Printing, LLC ("PHP") as a Human Resource Administrator. (Rec. Doc. 1, Exhibit A ¶ 5). On December 30, 2015, Perkins was admitted into Ochsner Hospital's Outpatient Behavioral Mental Unit Program due to alleged verbal abuse by John Victor Hughes, president of PHP. (*Id*, ¶¶ 9-12). After being diagnosed with stress, depression, and anxiety, Perkins remained in the hospital for two weeks. (*Id.*, ¶ 12). While this leave was covered by the Family Medical Leave Act ("FMLA"), Hughes allegedly called Perkins' disabled daughter, Aubrey Pitre, and told her that, "Unless [Perkins] comes back to work soon, I'll have to let her go." (*Id*. ¶¶ 13-14). Perkins asserts that she returned to work against her physician's advice on January 18, 2016, out of fear of termination. (*Id.*, ¶ 16).

Defendants assert that on January 18, 2016, Hughes' wife had a conversation with Perkins which resulted in an "agreement" that PHP would terminate Perkins' employment after ninety days. (Rec. Doc. 25-5, p. 2). On April 4, 2016, Perkins took a scheduled day off to receive an epidural. (Rec. Doc. 1, Exhibit A ¶ 21). The next day, Perkins experienced a mental breakdown and was admitted to Ochsner Hospital for suicidal ideations. (*Id*.). Perkins remained hospitalized until April 13, 2016. PHP terminated Perkins' employment on May 2, 2016. (*Id*., ¶¶ 21, 26).

Perkins filed suit alleging that Defendants violated the FMLA regarding the leave she took in January 2016 and that Defendants intentionally inflicted emotional distress. (*Id*. ¶¶ 14, 32). Defendants filed a Motion for Summary Judgment on all of Perkins' claims. (Rec. Doc. 25). Perkins filed an opposition to the motion (Rec. Doc. 61) and Defendants replied (Rec. Doc. 64). On December 4, 2018, this Court granted summary judgment in part as to Perkins' claims under the FMLA and denied summary judgment in part as to Perkins' claim for intentional infliction of emotional distress ("IIED"). (Rec. Doc. 65). On January 23, 2019, the Court granted Defendants' Motion for Reconsideration (Rec. Doc. 66) and granted summary judgment in part as to Perkins' claim for IIED. (Rec. Doc. 74). Perkins now moves this Court to reconsider the judgment regarding the grant of summary judgment on Perkins' claims under the FMLA.

**II.    Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. United States Dep't of Agric*., 211 F.3d 959, 962 (5th Cir. 2000). Nevertheless, the Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed twenty-eight days after entry of the judgment from which relief is being sought. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d

367, 371 n.10 (5th Cir. 1998); see also Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted on four grounds: "(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Lines v. Fairfield Ins. Co.*, No. 08–1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing *Peterson v. Cigna Group Ins.*, No. 99–2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002)). "The Court enjoys considerable discretion in granting or denying such a motion." *Gabarick v. Laurin Mar.* (America) Inc., No. 08–4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010) (citing *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 939 (W.D. La 2004)). The Fifth Circuit has held that a Rule 59(e) motion is not the proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. April 2004).

**III. Discussion**

Perkins argues that the record contained circumstantial evidence that she prematurely returned to work in violation of the FMLA. (Rec. Doc. 72-1, p. 3). Perkins cites to Exhibit A: Kathy Perkins' Declaration to assert that her conduct is compelling evidence to support an interference claim under the FMLA. (*Id.*). Perkins also asserts that the lack of direct evidence is not fatal to her retaliation claim. Again, Perkins cites to Exhibit A: Kathy Perkins' Declaration to assert that she believed her employment was terminated because she exercised her FMLA right. (*Id.* at 4).

Fifth Circuit long standing precedent establishes great discretion in this Court to grant or deny motions for reconsideration and that the motion should not be used to re-litigate old matters. Also pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Perkins did not

timely file her motion within twenty-eight days of the Order and Reasons (Rec. Doc. 65). The Order was filed on December 5, 2018, and Perkins filed her Motion for Reconsideration (Rec. Doc. 72) on January 21, 2019. Considering the legal standard and the untimeliness of the motion, the Court denies Plaintiff's Motion for Reconsideration (Rec. Doc. 72).

## IV. CONCLUSION

Accordingly;

IT IS ORDERED that Plaintiff's **Motion for Reconsideration (Rec. Doc. 72)** is **DENIED**.

New Orleans, Louisiana, this 19th day of February, 2019

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE